**UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY
MITCHELL H. COHEN U.S. COURTHOUSE
401 Market Street
P.O. BOX 2067
CAMDEN, NJ  08101-2067**

```
FILED
JAMES J. WALDRON, CLERK
NOV 2 2 2016
U.S. BANKRUPTCY COURT
CAMDEN, N.J.
BY_____DEPUTY
```

Andrew B. Altenburg, Jr.                                                                                    (856) 361-2320
U.S. BANKRUPTCY JUDGE

November 22, 2016

Jae H. Cho, Esquire                                              Kyong Gavin
Cho Legal Group LLC                                          218 Pomona Avenue
100 Plainfield Ave, Ste 8e                                    Port Republic, NJ 08241
Edison, NJ 08817

    RE:    **Gavin v. Abdon**
            **Adv. Pro. No. 16-1443-ABA**

<strong><u>MEMORANDUM DECISION</u></strong>

Dear Mr. Cho and Ms. Gavin:

<strong><u>PROCEDURAL HISTORY</u></strong>

    This matter was originally brought before the court on September 6, 2016 by Debtor/Defendant Kyong Abdon, through her motion to dismiss (Doc. No. 19) (the "Motion") the Adversary Complaint filed by Plaintiff Kyong Gavin (Doc. 1) as amended by permission of the court on June 23, 2016 (Doc. No. 6) (the "Complaint"). The initial Complaint failed to specify which section of Title 11 of the United States Code (the "Bankruptcy Code") her claim was based on, although it was apparent that Ms. Gavin was objecting to the discharge of Ms. Abdon. On September 27, 2016, the court conducted a lengthy hearing on the Motion at which time the parties or their representative appeared. On September 29, 2016, the court issued a letter opinion (Doc. No. 23) explaining that, based upon the record, Ms. Gavin had failed to state a claim under section 523 of the Bankruptcy Code and granted the Motion in that regard.

    In addition, the court further explained that it reviewed each of the factual allegations in Ms. Gavin's complaint in an attempt to determine whether, accepting each factual allegation as true, Ms. Gavin had stated a claim under any subsection of section 727(a) of the Bankruptcy Code that was plausible on its face. The court noted that it was at a loss as to how the Complaint stated a claim for relief. Indeed, several of the allegations appeared completely unrelated to any of the elements of any claim under 727(a) of the Bankruptcy Code. Nevertheless, rather than dismiss a claim the court granted leave to amend the complaint one last time. In doing so, the court cautioned Ms. Gavin that her complaint <u>must</u> comply with the Federal Rules of Bankruptcy Procedure and/or the Federal Rules of Civil Procedure. Fed. R. Bankr. P. 7012(b) incorporates Fed. R. Civ. P. 12(b)-(h), and Fed. R. Bankr. P. 7008 and 7009 incorporate Fed. R. Civ. P. 8 and 9 into adversary proceedings such as this case which specifically requires a pleading to contain a

short and plain statement of the claim showing that the pleader is entitled to relief in order to give the defendant fair notice of what the claim is and the grounds upon which it rests. Also, Fed. R. Bankr. P. 7009, which requires a party alleging fraud to state the circumstances constituting fraud with particularity. Given the history of this case, Ms. Gavin was given one last opportunity to explain to the court precisely what claim she is attempting to make against Ms. Abdon, and how the facts she is alleging give rise to a claim under any part of section 727 of the Bankruptcy Code.[1] Ms. Gavin was given the opportunity to amend her complaint to explain precisely what her claim is, and how, under the Bankruptcy Code section 727, the facts she has alleged give rise to that claim. On September 30, 2016, the court entered its *Order Granting Motion To Dismiss In Part And Converting Motion To Dismiss Into Motion For Summary Judgment And Setting Deadlines* (Doc. No. 24) *as amended on October 26, 2016 by Doc. No. 30*. Ms. Gavin was permitted to amend her complaint. Ms. Abdon was then permitted to file responsive materials and Ms. Gavin was permitted to respond to that. The court would then make a determination based on all admissible evidence.

Ms. Gavin filed her latest amended complaint on October 12, and 13, 2016 (Doc. Nos. 26 and 27) (collectively, the "Third Complaint"). Ms. Abdon responded. (Doc. No. 29). As of the date of this Decision, Ms. Gavin has not filed any response. This matter is now ripe for disposition.

## FACTS

In her Third Complaint, Ms. Gavin, once again, does not specify which section of 727 her complaint relates to and the allegations in the complaint are very similar to those in her previous complaints. Thus, the court is again left guessing what claims Ms. Gavin might plausibly be trying to bring under the statute. In addition, Ms. Gavin now alleges for the first time, a claim under section 707(b) of the Bankruptcy Code.

Any relevant alleged facts will be included in the legal discussion below.

## LEGAL DISCUSSION

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). As the Supreme Court has indicated, "[s]ummary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy, and inexpensive determination of every action.'" *In re Moran-Hernandez*, No. 15-17634, 2016 WL 423705, at *2-3 (Bankr. D. N.J. Feb. 2, 2016) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 327, 106 S. Ct. 2548, 91 L.Ed.2d 265 (1986)). "In deciding a motion for summary judgment, the judge's function is to determine if there is a genuine issue for trial." *Josey v. John R. Hollingsworth Corp.*, 996 F.2d 632, 637 (3d Cir.1993).

---

[1] Although it is clearly not required, the court suggested to Ms. Gavin that the assistance of counsel might benefit her.

The moving party bears the initial burden of demonstrating the absence of a genuine dispute of material fact. *Huang v. BP Amoco Corp.*, 271 F.3d 560, 564 (3d Cir. 2001) (citing *Celotex Corp.*, 477 U.S. at 323). In determining whether a factual dispute warranting trial exists, the court must view the record evidence and the summary judgment submissions in the light most favorable to the non-movant. *Moran-Hernandez* 2016 WL at *2-3 (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S. Ct. 2505, 91 L.Ed.2d 202 (1986)). Disputed material facts are those "that might affect the outcome of the suit under the governing law." *Id.* at *3 (quoting *Liberty Lobby*, 477 U.S. at 248). A dispute is genuine when it is "triable," that is, when reasonable minds could disagree on the result. *Id.* (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348, 89 L.Ed.2d 538 (1986)).

Once a party establishes the absence of a dispute over material facts, the burden shifts to the non-moving party. *Moran-Hernandez*, 2016 WL at *2-3. A party may not defeat a motion for summary judgment unless it sets forth specific facts, in a form that "would be admissible in evidence," establishing the existence of a genuine dispute of material fact for trial. *Id.* (citing Fed. R. Civ. P. 56(e) (providing that in response to a summary judgment motion the "adverse party may not rest upon the mere allegations or denials of [its] pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine [dispute] for trial"); s*ee also Fireman's Ins. Co. of Newark, N.J. v. DuFresne,* 676 F.2d 965, 969 (3d Cir.1982); *Olympic Junior, Inc. v. David Crystal, Inc.*, 463 F.2d 1141, 1146 (3d Cir.1972).

When ruling on a summary judgment motion, bankruptcy courts may only consider that portion of submitted material which would be admissible or useable at trial. *In re Chapman*, 228 B.R. 899 (Bankr. N.D. Ohio 1998); *see also Stelwagon Mfg. Co. v. Tarmac Roofing Sys.*, 63 F.3d 1267, 1275 n.17 (3d Cir. 1995) and *Celotex Corp.* 477 U.S. at 324.

Reviewing all of Ms. Gavin's allegations, it is clear that there are only three (3) plausible factual allegations that could give rise to a claim under section 727 of the Bankruptcy Code.[2] First, Ms. Gavin alleges that Ms. Abdon concealed $22,000 in cash from the estate, and omitted listing those funds on her Petition. Second, Ms. Gavin alleges that Ms. Abdon underestimated the value of her business, "Elegance Cleaners", on her Petition. Finally, Ms. Gavin alleges that Ms. Abdon omitted listing pension income on her Petition. To support these claims, Ms. Gavin offers affidavits from several people that claim to have heard a third party (Mr. Tunney) state he saw $22,000 in a case in Ms. Abdon's possession; her own testimony as to the value of Elegance Cleaners; and Ms. Abdon's 2015 tax returns exhibiting $15,606 of income from pension and IRA distributions.

As noted, Ms. Gavin has not specified what subsection of 727 she intends on bringing her action, however, these allegations could give rise to a claim under section 727(a)(2)(A), or 727(a)(4) of the Bankruptcy Code, or possibly both. A claim under section 727(a) of the Bankruptcy Code provides that a debtor *shall* be granted a discharge *unless*:

---

[2] Indeed, Ms. Gavin allegations do not create a genuine material fact to support a claim under any other section of section 727.

> (2) the debtor, with intent to hinder, delay, or defraud a creditor or an officer of the estate ... has transferred, removed, destroyed, mutilated, or concealed ...
> (A) property of the debtor, within one year before the date of the filing of the petition.

*Rosen v. Bezner*, 996 F.2d 1527, 1530–31 (3d Cir. 1993); 11 U.S.C. § 727(a) (1988). The section is to be construed liberally in favor of the debtor. *Id.* at 1530–31 (citing *In re Burgess,* 955 F.2d 134, 136 (1st Cir.1992); *In re Adeeb,* 787 F.2d 1339, 1342 (9th Cir.1986); *In re Devers,* 759 F.2d 751 (9th Cir.1985). Completely denying a debtor his discharge, as opposed to avoiding a transfer or declining to discharge an individual debt pursuant to § 523, is an extreme step and should not be taken lightly. *Id.* at 1530–31.

Section 727 provides an exception to the general rule that a court must grant a debtor his discharge; that exception consists of two components: an act (i.e. a transfer or a concealment of property) and an improper intent (i.e., a subjective intent to hinder, delay, or defraud a creditor). *Rosen*, 996 F.2d at 1531. In order to successfully bring a claim under section 727(a)(2)(A), a plaintiff must establish three elements:

> (1) a disposition of property, such as a transfer or concealment; (2) a subjective intent on the debtor's part to hinder, delay or defraud one or more creditors or the bankruptcy trustee through that disposition; and (3) that both the disposition and subjective intent occurred within the one-year period before the petition was filed.

*In re Spitko*, 357 B.R. 272, 299 (Bankr. E.D. Pa. 2006) (citing *In re Lawson,* 122 F.3d 1237, 1240 (9th Cir.1997); *see Rosen v. Bezner,* 996 F.2d at 1531.

Similarly, under 11 U.S.C. § 727(a)(4), a debtor will not receive his bankruptcy discharge when he: knowingly and fraudulently, in or in connection with the case - (A) made a false oath or account. *Spitko*, 357 B.R. at 312. The purpose of this statutory provision is to create an "affirmative duty" for the debtor to completely disclose "all assets [and] liabilities and to answer all questions fully and with the utmost candor." *Id.* (citing *In re Maletta,* 159 B.R. 108, 112 (Bankr. D. Conn.1993)). To meet this evidentiary burden, the plaintiffs must prove by a preponderance standard, *see In re Georges,* 138 Fed. Appx. 471, 472 (3d Cir. 2005), that:

> (1) [the debtor] made a statement under oath; (2) the statement was false; (3) [the debtor] knew the statement was false; (4) [the debtor] made the statement with fraudulent intent; and (5) the statement related materially to the bankruptcy case. False oaths sufficient to justify the denial of discharge include (1) a false statement or omission in the debtor's schedules or (2) a false statement by the debtor at the examination during the course of the proceedings.

*Spitko*, 357 B.R. at 312 (*quoting Matter of Beaubouef,* 966 F.2d at 178; *accord, e.g., Williamson v. Fireman's Fund Insurance Co.,* 828 F.2d 249, 251 (4th Cir.1987). **<u>Further, an omission or false statement caused by an honest mistake or oversight will not be sufficient to deny the debtor a discharge.</u>** *In re Georges,* 138 Fed. Appx. at 472. Finally, under § 727(a)(4)(A), the objector must prove that the statement was material to the bankruptcy case. *In re Adalian*, 474 B.R. 150, 165 (Bankr. M.D. Pa. 2012) (citing *In re Von Kiel,* 461 B.R. 323, 340

(Bankr.E.D.Pa.2012), citing *Strominger v. Giquinto (In re Giquinto)*, 388 B.R. 152, 178 (Bankr.E.D.Pa.2008) and *Keeney v. Smith (In re Keeney)*, 227 F.3d 679, 685 (6th Cir. 2000).

Thus, in order to bring a successful action under either section 727(a)(2)(A) or 727(a)(4), Ms. Gavin must show, by a preponderance of evidence, each element of the claim she is attempting to bring. Under section 727(a)(2)(A), this will require proof of a concealment of property of the estate and that the concealment was done intentionally to hinder, delay or defraud creditors. Further, under section 727(a)(4) of the Bankruptcy Code, Ms. Gavin will have to prove that Ms. Abdon made a false oath that she knew at the time she made it was false and that she made the false oath at the time with an intent to commit fraud and that the false oath was material to the bankruptcy case.

### 1. Concealment of $22,000

As to Ms. Gavin's first allegation, a review of the record demonstrates that there is no genuine issue of material fact related to the claim that Ms. Abdon concealed $22,000 from the estate. Ms. Gavin alleges that Mr. Tunney stated he saw $22,000 in Ms. Abdon's possession. Ms. Gavin has submitted several affidavits of individuals who stated they heard Mr. Tunney state he saw $22,000 in Ms. Abdon's possession. However, Ms. Abdon has submitted an affidavit from Mr. Tunney himself in which he swears under oath that he had no knowledge of whether Ms. Abdon possessed $22,000 in cash.[3] Ms. Gavin has not identified any other witness with personal knowledge or submitted any admissible evidence indicating that Ms. Abdon possessed $22,000 in cash. As noted above, when ruling on a summary judgment motion, a court may only consider that portion of submitted material which would be admissible or useable at trial. *See Chapman*, 228 B.R. 899, *Stelwagon Mfg. Co.* 63 F.3d 1267 and *Celotex Corp.*, 477 U.S. 317.

None of the testimony of the witnesses identified by Ms. Gavin is admissible evidence. Each of these witnesses' statements is hearsay, as none of them have personal knowledge of whether Ms. Abdon possessed $22,000 nor who was actually on the phone. Hearsay is a "statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." *In re New Jersey Mobile Dental Practice, P.A.*, No. 05-17772 DHS, 2012 WL 3018052, at *6 (Bankr. D. N.J. July 24, 2012), *aff'd sub nom. Gvildys v. Beukas*, No. CIV.A. 12-5468 SRC, 2012 WL 5472121 (D. N.J. Nov. 9, 2012) (citing *In re CGR Investors Ltd. P'ship*, 464 B.R. 678, 681 (Bankr. E.D. Pa.2010)). As such, none of witnesses identified by Ms. Gavin is capable of testifying as to the truth of whether Ms. Abdon in fact possessed $22,000 because none of these witnesses has personal knowledge of this and the only witness who apparently has personal knowledge, under penalty of perjury, denies the fact.

Although it is not clear whether Ms. Gavin is bringing this claim under section 727(a)(2) or 727(a)(4) of the Bankruptcy Code, the outcome of this adversary proceeding does not hinge on which statutory provision is invoked. Rather, on a motion for summary judgment the outcome depends on the existence or non-existence of evidence in support of the plaintiff's factual

---

[3] It is noteworthy that the court specifically questioned Ms. Gavin regarding Mr. Tunney's affidavit and his denial that he ever saw $22,000 in Ms. Abdon's possession. Ms. Gavin stated under oath that she believed Ms. Tunney to be an honorable and trustworthy man.

contentions. *In re Burke*, 523 B.R. 765, 770–71 (Bankr. E.D. Pa. 2015). A nonmoving party may not rely on bare assertions nor rest on the allegations in the pleadings. Rather, the nonmoving party must go beyond the pleadings and either by affidavits, depositions, answers to interrogatories, or admissions on file, designate specific facts showing that there is a genuine issue for trial. *Id.* at 772. It was Ms. Gavin's burden to come forward with proof, (*e.g.*, affidavits or other evidence that could be admitted at trial) in support of the factual contentions underlying her claim. *See Id.* On the other hand, Ms. Abdon has submitted ample evidence through various witnesses that leads the court to conclude that no genuine issue of material fact exists as to Ms. Gavin's allegations about the $22,000. Having failed to place any evidentiary matter in the summary judgment record, Ms. Gavin has not met the burden necessary to defeat the motion for summary judgment. Accordingly, with respect to any claim regarding the issue of Ms. Abdon's concealment of the $22,000 or her failure to list those funds on her Petition, the motion for summary judgment is granted.

### 2. Underestimating Value of Business and Failure to Disclose Pension

However, other factual allegations brought by Ms. Gavin do raise disputed issues of material fact. Ms. Gavin has presented evidence that Ms. Abdon did have an interest in pension funds, and did omit this asset from her Petition. Ms. Abdon's prior tax returns are admissible evidence. Ms. Abdon's response to these allegations falls woefully short of resolving this issue. It is not clear what type of pension fund this is, whether it is ERISA qualified and thus excluded or otherwise exempt from the estate under non-bankruptcy law and so there is a genuine issue of dispute for trial.

Similarly, although the evidence is less strong, Ms. Gavin has presented evidence that Ms. Abdon underestimated the value of Elegance Cleaners in the form of her personal knowledge of the business from having operated it prior to the transfer of ownership. Neither party presented sufficient evidence regarding the value of the business, and as a result, the value of Elegance Cleaners is a material issue of fact in dispute.

These allegations may give rise to a claim under section 727(a)(2)(A) or (a)(4), and there are issues of material fact in dispute. Although there is very little evidence presented regarding Ms. Abdon's intent in failing to list these assets, the issue of intent and credibility are rarely determined at the summary judgment stage. *Burke*, 523 B.R. at 770 (citing *Wishkin v. Potter*, 476 F.3d 180, 184 (3d Cir. 2007) ("Issues such as intent and credibility are rarely suitable for summary judgment"); *In re Coley*, 433 B.R. 476, 493 (Bankr. E.D. Pa. 2010) ("proof of fraudulent intent is not especially susceptible to disposition by summary judgment"). As such, at this time, summary judgment as to these two precise issues is not warranted.[4]

### 3. Ms. Gavin's 707(b) Claim

Ms. Gavin's 707(b) claim is time barred. *See* Fed. R. Bankr. P. 1017. The time limit for filing motions to dismiss for abuse (whether under the means test or totality of the circumstances) is 60 days from the "first date set" for the meeting of creditors. *In re Jasper*, 414

---

[4] This is not to say that Ms. Abdon is prohibited from filing another Motion for Summary Judgment if the evidence warrants it.

B.R. 83, 88 (Bankr. E.D. Va. 2009) (citing Fed. R. Bankr. P. 1017); *see also In re Persaud*, 486 B.R. 251, 262 (Bankr. E.D. N.Y. 2013). In this case, the meeting of creditors was first set for February 18, 2016 and was concluded on March 31, 2016. Ms. Gavin did not file her first adversary complaint until June 8, 2016, more than 60 days after the first date set for the meeting of creditors. Further, Ms. Gavin did not even make any allegation related to a 707(b) action until her Third Complaint. As such, that claim is dismissed with prejudice.

### 4. The Remainder of Ms. Gavin's Claims

Additionally, the remainder of Ms. Gavin's allegations are flawed for one reason or another and the court is through guessing what is and why it is being asserted. Ms. Gavin makes several references to the debt owed to her, and whether the transfer of the business was a loan or a gift. However, as noted, this court has already dismissed all claims related to any action under section 523 of the Bankruptcy Code. Even assuming Ms. Gavin is correct in these allegations, these do not sufficiently state a claim under section 727 of the Bankruptcy Code. Ms. Gavin further alleges that Mr. Tunney (the landlord) and Ms. Abdon both falsely state Ms. Abdon signed her lease in 2010, but that she has a copy of the lease signed back in 2007. Even assuming this is true; the court cannot fathom how this fits into any claim under section 727 of the Bankruptcy Code. As such, except for the precise allegations in Part 2, above, summary judgment is granted in favor of Ms. Abdon on all remaining claims.

### CONCLUSION

In sum, the court will grant summary judgment in favor of Ms. Abdon and against Ms. Gavin as to all claims with the exception of Ms. Gavin's claim under 727(a)(2)(A) regarding whether Ms. Abdon intentionally with appropriate malice concealed her pension asset from the estate and under 727(a)(4) regarding whether Ms. Abdon knowingly and fraudulently committed a false oath in failing to list her pension income and/or underestimating the value of Elegance Cleaners. In addition, Ms. Gavin's new allegations related to section 707(b) of the Bankruptcy Code are time barred and the claim is dismissed. To be clear, the court will not consider any further any other allegations asserted by Ms. Gavin.

Ms. Abdon will have fourteen (14) days from the date of this Decision to file an Answer pertaining to the surviving allegations and then the court will issue an appropriate scheduling Order.

An appropriate judgment has been entered consistent with this decision.

The court reserves the right to revise its findings of fact and conclusions of law.

/s/ Andrew B. Altenburg, Jr.
United States Bankruptcy Judge